Rollins, S.
The testatrix died in this city on the 6th day of July, 1883. She left a last will and testament whereby she bequeathed and devised her entire estate to one George H. Lewis, as trustee, with direction to sell the same, and after payment of her just debts to invest the proceeds of sale and to hold such investment upon certain trusts in such will specified. That instrument was admitted to probate on the 22d of October, 1885. In'behalf of George Lane, an infant beneficiary thereunder, objection was interposed to the granting of letters testamentary to George Henry Lewis,-upon the ground that he was a nonresident alien, and was, therefore, not qualified to act as executor. This objection was sustained, and the public administrator was, in December, 1885, appointed administrator c. t. a. of this estate.
George Lane has since filed a petition wherein he represents that the same causes which disqualified Lewis from becoming executor disqualify him also from acting as testamentary trustee. The petitioner accordingly asks that the said Lewis be removed from the office of trustee, and that another be appointed in his place. Mr. Lewis himself is the only person who has been cited to attend this proceeding, and no person else has asked leave to intervene, but certain counsel whose clients claim to be interested in. the estate have suggested as amici curice that this court is without jurisdiction to grant the relief prayed for, and that' in no event should a new trustee be appointed until all persons absolutely or contingently entitled to take under the will shall have been duly notified.'
Whatever authority the surrogate has in' a case like the *209 present is derived from sections 2817 and 2818 of the Code of Civil Procedure. Section 2817 provides as follows:
“A person beneficially interested in the execution of a trust may present to the surrogate’s court a written petition, duly verified, setting forth the facts and praying for a decree removing a testamentary trustee from his trust; and that he may be cited to show cause why such a decree should not be made, * * * where, if he was named in a will as executor, letters testamentary would not be issued to him, by reason of his personal disqualification or incompetency.” '
■ Now it is admitted that the respondent has never acted as trustee under this will, has never signified his acceptance of the office, and has never been qualified to assume its -duties. It is insisted that for those very reasons he cannot now be removed.
As a mere verbal criticism, this objection is not without force; but when it is remembered that a competent testamentary trustee derives his authority directly from the will appointing him; that he requires and receives no letters from the surrogate as a badge of such authority; that except under special circumstances no bond can be exacted of him as security for the due performance of his duties; and when the language of section 2817 is carefully considered and compared with that of section 2685, it will be discovered that the objection has no solid foundation.
The present situation, indeed, seems to me to be one for which the legislature intended to furnish the precise relief which this petitioner asks. If the respondent had applied for and obtained letters testamentary—being at the time a non-resident alien—the surrogate could undoubtedly, upon proper application, have revoked such letters and removed him from office, even in advance of any exercise or attempted exercise on his part of the functions as such executor. Code Civ. Pro., § 2685, subd. 1.
The status of a person appointed by a will as testamentary trustee, and disqualified from acting as such by reason of alienage and non-residence, is" practically the same as that of an executor who, though similarly disqualified, has in fact obtained letters in the absence of opposition. The conclusion is strengthened, I think, by the declaration of section 2514, subdivision 6, that the expression “testamentary trustee,” as used in the Code, “includes every person except * * * who is designated, by a will or by any competent authority, to execute a trust created by a will.” The respondent is a person designated by a will to execute its trusts, and I hold that whatever authority or show of authority the wdll gives him may be extinguished *210 by the surrogate in the exercise of his jurisdiction under section 2817.
Section 2818, as amended by chapter 408 of the Laws of 1884, provides that “when a sole testamentary trustee * * * is by a decree of the surrogate’s court removed, * * * and the trust has not been fully executed, the same court may appoint his successor, unless such an appointment would contravene the express terms of the will. Where a decree removing a trustee * * * does not designate his successor, or the person designated therein does not qualify, the successor must be appointed and must qualify in the manner prescribed by law for the appointment and qualification of an administrator with the will annexed.”
It is claimed that under this section an appointment of a new trustee ought not to be made until all persons interested in the estate shall have been made parties to the proceeding, and that the trustee when appointed should give such bond as would be required from an administrator with the will annexed.
It is clear that the statute does not make the exaction of a bond essential in a case where the -decree by which one trustee is removed designates another in his place. That in such a case, however, the surrogate may, in his discretion, require a bond, I have no doubt. Matter of Whitehead, 3 Dem., 227; Tompkins v. Moseman, 5 Redf., 402; People v. Norton, 9 N. Y., 176; Milbank v. Crane, 25 How. Pr., 193; Matter of Stuyvesant, 3 Edw. Ch., 299; Matter of Jones, 4 Sandf. Ch., 615; Matter of Robinson, 37 N. Y., 261.
The decisions also establish that in a proceeding for the appointment of a trustee, it is not necessary that all persons interested in the trust property or estate should be made parties, but it is for the court in its discretion to determine to whom notice shall be given. I understand that in the case at bar, the attorneys who were lately before the surrogate as amici curiae are authorized to represent all the beneficiaries under the will. They may have formal notice of this application, and will be heard in respect to the selection of the trustees to be appointed and the propriety of exacting a bond.